## MADSEN v. CHOURNOS

No. 6595.   Decided June 21, 1943.   (139 P. 2d 225.)

See 49 C. J., Pleadings, sec. 543; 41 Am. Jur., 437.

See, also, 102 Utah 247, 129 P. 2d 986.

*M. C. Harris*, of Logan, and *H. Maurice Harding*, of Provo, for appellant.

*Thatcher & Young*, of Ogden, for respondent.

MOFFAT, Justice.

Action in unlawful detainer. Plaintiff seeks to recover possession of 640 odd acres of mountain grazing land in Rich County, Utah. Plaintiff's husband homesteaded the entry but died before final proof was made or patent issued. Defendant had been grazing sheep on the land under lease from her husband for two years prior and on August 6,

1937, following the husband's death, plaintiff entered into an agreement with defendant, the pertinent parts of which are here quoted:

"Whereas, Mr. Geo. A. Madsen did establish residence and live on the homestead entry as required by law up until the time of his death, and having died prior to making final proof, all of his rights pass to his widow, Mrs. Nettie W. Madsen; and

"Whereas, Mrs. Nettie W. Madsen, because of her financial circumstances, does not have the nesessary money to put the required improvements on said homestead entry; and

"Whereas, Nick Chournos has been leasing said entry for two years last past and is now on said property as lessee; and

"Whereas, the said Nick Chournos has horses, machinery, camp equipment and the necessary funds with which to make said improvements on this entry during the year 1937, it is respectfully agreed between the parties hereto as follows:

"That the said Nick Chournos agrees that he will place permanent stockraising improvements on the above described entry, which together with the improvements heretofore placed on the land will total $800.00 in value. That he will begin said work immediately and prosecute same diligently until the work is completed so that final proof can be made during the fall months of 1937 and that said work is to be so constructed that it will meet all of the requirements of the law governing stockraising homestead entries.

"It is understood between both parties that if the Government Inspector, upon examining the improvements, shall appraise the same at less than $800.00 that Mr. Chournos will put additional improvements on the land to make up any deficiency in value.

"Mrs. Nettie W. Madsen agrees that as soon as the required improvements have been placed on said entry she will execute a mortgage on said entry to Nick Chournos, said mortgage to be made for the full amount of the reasonable value of the improvements placed by Chournos upon the entry, but not to exceed $800.00 and that the mortgage will bear interest at the rate of 5 per cent.

"Mrs. Nettie W. Madsen further agrees that she will renew her lease on said entry to Mr. Chournos from year to year until the mortgage on said land has been fully paid and satisfied, the lease price to be applied upon said mortgage, it being understood that the rental value will be determined each year and fixed at the price for which similar lands are being leased in that general area."

The complaint then sets out that

"in accordance with the terms of the said agreement defendant entered upon the homestead entry and at a substantial profit to himself, to wit: a profit in excess of $200.00 erected the improvements mentioned and described in the said agreement for which the plaintiff agreed to pay the sum of $800.00 with interest at the rate of 5% per annum from January 1st, 1938," and

"Fifth: *That at the time of the execution and delivery of the said contract it was expressly understood and agreed that the plaintiff may at any time after the completion of the said improvements pay the defendant the unpaid balance of the* $800.00 *with interest to the date of payment.* That the defendant never requested plaintiff to execute the mortgage as mentioned in the contract and no such mortgage was ever executed and that it would be useless procedure to execute such a mortgage since the plaintiff is ready, willing and able to pay the said indebtedness.

"Sixth: That the defendant grazed the said premises during the grazing seasons of 1938 for which plaintiff is entitled to an agreed credit of $80.00, and during the season of 1939 for which the plaintiff is entitled to an agreed credit of $80.00, and during the season of 1940 for which the plaintiff is entitled to an agreed credit of $100.00.

"Seventh: That after charging the plaintiff with the amount of $800.00 principal, plus interest on unpaid balances at the rate of 5% per annum there was a balance due on March 31, 1941 from the plaintiff to the defendant on the said account of $665.22.

"Eighth: That on the 8th day of April, 1940 the United States Government issued and delivered to the plaintiff, Nettie W. Madsen, widow of George Abraham Madsen its patent to the above described property, which patent number is 1107629, which said patent was duly recorded in the office of the County Recorder of Rich County on the 23rd day of May, 1940 in Book S of Deeds and Mortgages at page 465 and that ever since the said date the plaintiff is and has been the owner of the legal title to the said property and that the plaintiff, prior to and on the 29th day of March, 1941 has been and now is entitled to the possession of the said property.

"Ninth: That on divers occasions prior to, and again on March 7, 1941 the plaintiff notified the defendant that she had terminated any rights that he may claim to lease the said property and that she did not care to lease it to him longer and tendered and offered to pay to the defendant any balance due him under the terms of the said [contract] amount as [amounting to] $664.90, and again on the 26th day of March, 1941 tendered and offered to pay to the defendant $665.28.

"Tenth: That at all times since the said time the plaintiff has maintained the said tender good and has been ready and willing to pay the said amount and herewith offers with this complaint to pay the defendant in legal tender any amount found to be due to defendant on account of said contract.

"Eleventh: That on the 7th day of May, 1941 and prior to the commencement of the grazing season on the said property the plaintiff again renewed the said tender and served written notice on the defendant to surrender the said premises to the plaintiff and in case of his failure so to do, or in case of his entry into possession thereof he would be held in unlawful detainer, a copy of which said notice served upon the defendant is hereto attached marked Exhibit 'B' to which reference is hereby made for the particulars thereof.

"Twelfth: That on each and all of the occasions mentioned the defendant declined and refused to accept the said tender and notified the plaintiff that he claimed to be in possession of the said premises and claimed the right to the possession thereof and refused to surrender the possession thereof, or any part thereof, to the plaintiff."

Plaintiff then alleges unlawful detainer of the property and prays for possession thereof and treble damages. Defendant demurred and filed a motion to strike certain portions of the complaint. Without acting on the motion to strike, the trial court entered the following order on January 9, 1943, sustaining the demurrer, after argument had and the filing of a brief by plaintiff:

"* * * it affirmatively appearing to the court from the allegations of the plaintiff's complaint and from the terms and provisions of the agreement attached thereto and made a part thereof that at the time of filing this suit there was an unpaid balance due and owing the defendant in the sum of $665.22 which said sum is payable in future annual rentals for the use and occupation of the property described in the complaint and that the same is not payable in cash but 'in rent only' and that the plaintiff under terms of the said contract can not terminate the lease until the obligation has been fully discharged by future annual rentals and is, therefore, not entitled to possession of the said premises, it is now ordered that the said demurrer be and the same is hereby sustained and the plaintiff allowed ten days after notice in which to amend."

Plaintiff declined to amend and judgment of dismissal was entered, from which this appeal is taken.

Plaintiff assigns as error the lower court's order sustaining the demurrer and the judgment of dismissal. The question presented here is whether or not the complaint states a cause of action. Plaintiff contends she has the right to pay off the balance of the $800 indebtedness, tender of which has been made, and terminate defendant's tenancy, notice of which has been served on the defendant. Defendant insists in this court in his brief, and the lower court so held, that plaintiff is not permitted under the agreement to do this, and that he has the right to remain in possession of and graze the land until such time as the annual rental— to be fixed each year at the current price for grazing similar land—amounts to the agreed indebtedness together with interest.

The mortgage contemplated by the agreement has never been executed by plaintiff nor requested by defendant. Had this been done, an entirely new agreement would now exist between the parties by necessity of negotiating new terms of payment and, if intended, continued grazing privileges of defendant. This not having been done, we are confronted with an equitable mortgage and the express language of the contract that plaintiff

"agrees that she will renew her lease on said entry to Mr. Chournos from year to year *until the mortgage on said land has been fully paid and satisfied.*"

Plaintiff alleges in the fourth paragraph of her complaint

"that in accordance with the terms of the said agreement defendant entered upon the homestead entry and * * * erected the improvements mentioned and described in the said agreement for which the plaintiff agreed to pay the sum of $800.00 with interest at the rate of 5% per annum *from January* 1st, 1938."

Defendant could have demanded the execution of the mortgage at any time after this date, yet no such demand has been made in over five years. Likewise, as to all the material allegations of the complaint, we must accept as

true, for the purpose of this opinion, the allegation in the fifth paragraph of the complaint which we have italicized above, and repeat here again,

"That at the time of the execution and delivery of the said contract it was expressly understood and agreed that the plaintiff may at any time after the completion of the said improvements pay the defendant the unpaid balance of the $800.00 with interest to the date of payment."

This allegation is not contrary to any of the provisions of the contract.

We need not cite authorities. The material allegations of the complaint must be taken as true for the purpose of disposing of the demurrer. The demurrer should have been overruled. As the complaint stands, it states a cause of action in unlawful detainer. It is not appropriate at this time for this court to attempt to construe the contract without all of the facts and circumstances surrounding its execution in the record.

The judgment is reversed and the case remanded with instructions to reinstate the cause and proceed accordingly. Costs to appellant.

LARSON, McDONOUGH, and WADE, JJ., concur.

WOLFE, Chief Justice (concurring).

I concur on the ground that the complaint alleges a situation which requires the construction of the contract to be made in the light of the circumstances surrounding its execution, as well as in the light of the subject matter with which it dealt.

The allegation in the fifth paragraph of the complaint italicized in the opinion, while in the nature of a conclusion and perhaps suggestive of an application of the parol evidence rule, requires that the case pass the state of demurrer in order to ascertain the facts and render a just decision.